STATE OF FLORIDA, ex rel. WILLIAM DELANEY, *Plaintiff in Error*, v. R. C. BAKER, as Sheriff of Palm Beach County, Florida, *Defendant in Error*.

Division B.

Opinion filed May 28, 1930.

*Edgar C. Thompson, M. D. Carmichael* and *R. K. Lewis*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

BUFORD, J.—In this case the petitioner was arrested under what is termed a fugitive from justice affidavit. He was brought before the county judge of Palm Beach County on the 30th day of November, 1929, and was remanded to the custody of the sheriff of Palm Beach County for detention until the 9th day of December, 1929.

Under the provisions of Section 6184, Rev. Gen. Stats. of Florida, 8498 Comp. Gen. Laws 1927, an alleged fugitive may be committed by the county judge or justice of the peace for the period of time not to exceed ten days.

After the order of commitment by the county judge was made a petition for habeas corpus was filed in the circuit court. The writ was issued directed to the sheriff of Palm Beach County. He made his return showing his authority for holding the petitioner. On the 10th day of December, 1929, motion was filed to quash the return and discharge the petitioner.

The return showed sufficient authority in the sheriff to hold the petitioner until the 9th day of December, 1929, but not after that date. On hearing the motion to quash the return and discharge the petitioner, the court made an order, the pertinent part of which is as follows:

"It is ordered and adjudged that the petitioner's motion be denied, and that petitioner be remanded to the custody of R. C. Baker, sheriff of Palm Beach County, Florida, for a preiod of ten days from date, pending action by the Governor of Florida, and that during such time the petitioner be released on a bond to be approved by the court in the penal sum of $25,000.00, payable to the Governor of Florida, and his successors in office, with two good and sufficient surety companies, or a surety company authorized to do business in Florida, conditioned for the appearance of petitioner from day to day before this court."

To this order writ of error was sued out.

The motion to quash the return and discharge the prisoner should have been granted. Although the return sufficiently showed the authority of the sheriff for holding the petitioner at the time the return was made, this authority had ceased to exist at the time the motion was filed to quash the return and discharge the prisoner which was on the 10th day of December as the return showed that the authority of the sheriff to detain the petitioner in custody expired on the 9th day of December. The record does not present any other authority under which the sheriff was authorized to detain the petitioner.

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.